ROGER A. BARKER, Associate Judge.
This appeal is from an order denying appellant, one of several defendants below, leave to amend her pleadings to conform to the evidence, and from the final decree which did not include her claim for a $2,000 commission from the appellees.
It seems that one Charles Freeman, another defendant below, contracted to sell his home to Muriel Dalzell, also a defendant below, on February 13, 1957, this contract acknowledging a binder of $8,000. The appellees were interested in buying this home, and hearing that the purchaser was not too happy about going through with the deal, they employed appellant as an agent to see if she could obtain the contract for them. Appellant negotiated with Miss Dalzell who demanded $10,000 for the contract. She so informed the ap-pellees, also stating that Miss Dalzell would not pay her commission of $2,000, but that they would have to. This was apparently agreeable to the appellees, and they gave appellant a cashier’s check for $10,000 to deliver to Miss Dalzell, which she accepted, returning a receipt therefor. At this point the major dispute of the case arose, with Miss Dalzell and others claiming that appellees were also supposed to reimburse her for the $8,000 she had put down as a binder when the contract with Freeman was executed, thus giving her $10,000 net on the contract, while appellees contended that they were buying her entire equity for the $10,000. Appellees brought a suit in equity seeking to compel the assignment and delivery of the contract, and appellant was made a party defendant. She answered but did not include a counterclaim for the $2,000 commission, however on August 7, 1957, she moved the conrt to include this claim in the final decree, and on August 12, 1957, moved for an order amending the pleadings. This motion was denied August 19, 1957, and a final decree entered which ordered the appellees to pay the additional $8,000 to Miss Dalzell, and that this payment would operate as an assignment of the contract.
Appellant takes the position that Florida Rules of Civil Procedure, Rule 1.15, 30 F.S.A., allowing amendment of the pleadings to conform to the evidence should be liberally construed, and it was error for the trial judge to refuse to allow her to amend.’
Appellees contend that this rule was correctly interpreted by the judge to be applicable where some issue has been tried by the express or implied consent of the parties, and not as here, where the $2,000 commission was never in issue, being entirely foreign to the disputed $8,000 binder.
 It is ordinarily within the sound discretion of the trial court to permit an amendment to conform to the proof where evidence has been introduced without objection as to facts not presented, or insufficiently presented, by the pleadings. The right to amend pleadings to conform to the proof proceeds upon the theory that by such amendment the pleadings are brought in line with the actual issues upon which the case was tried, even though such issues were not stated in the pleadings as originally drawn. This rule however does not authorize such an amendment merely because evidence which is competent and material upon the issues created by the pleadings incidentally tends to prove another fact not within the issues of the case. See Simms v. Andrews, 10 Cir., 118 F.2d 803.
An examination of the' record reveals there was no conflict in the evidence that the $2,000 commission was agreed upon and that the appellees tendered the money which appellant refused to accept because of the dispute between appellees and. Muriel *875 Dalzell. The record reveals that at no time did appellant affirmatively assert a claim to the $2,000 commission until after all testimony had been taken. The claim for the commission was never put in issue and tried by the expressed or implied consent of the parties.
It appears that appellant by her motion to amend her pleadings was attempting to circumvent the requirements of Rule 1.13(1) regarding compulsory counterclaims. If the claim for the commission, although not pleaded, was in fact put in issue and tried by the expressed or implied consent of the parties then justice would require allowing appellant to amend her answer so as to incorporate the counterclaim to conform with the evidence, notwithstanding the provisions of Rule 1.13(1).
Since the claim for the commission was not put in issue and tried by the expressed or implied consent of the parties the trial court was correct in denying the motion to include this claim in the final decree and in denying the motion for an order amending the pleadings.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.