FRANK MARTIN et al., Plaintiffs, *v.* CLARENCE TRAVER, Defendant.

County Court, Saratoga County, August 6, 1962.

*King & Duval* (*Joseph P. Duval* of counsel), for defendant. *Leary, Fullerton, Ford & Aussicker* (*Richard Mullaney* of counsel), for plaintiffs.

RICHARD J. SHERMAN, J. This is a motion for summary judgment by the defendant, Clarence Traver, represented by King and Duval (Joseph P. Duval, of counsel), and a motion for consolidation of the County Court action with an action pending in the City Court of the City of Saratoga Springs, N. Y., in which action the defendant in the County Court action is the plaintiff in the City Court action, represented by King and Duval, while the plaintiffs in the County Court action and defendants in the City Court action are represented by Leary, Fullerton, Ford and Aussicker (Richard Mullaney of counsel). Mr. Duval is for the motion for summary judgment and opposed to the motion for consolidation. Mr. Mullaney is opposed to the motion for summary judgment and makes the motion for consolidation.

On March 25, 1960, Frank Martin and Alice Martin entered into a contract with Clarence Traver whereby Traver was to build a one-story house and garage for the Martins, and the Martins were to pay Traver for same in certain installments. Traver received his final payment on September 28, 1960 and Frank Martin then signed what purportedly is alleged to be a release:

"We, Frank Martin and Alice Martin, do hereby certify that the contract between Frank Martin and Alice Martin and Clarence Traver, Jr., dated March 25, 1960 for the construction of a dwelling on Eureka Avenue has been completed satisfactorily according to the terms of the contract and that said dwelling is ready and fit for occupancy.

"Dated September 28, 1960.     (Sgd.)     Frank Martin."

Alice Martin did not sign the above statement.

At that time there was a dispute between the parties with reference to the amount due for extras ordered by the Martins. The amounts for extras were compromised for $425 provided Traver finished the porch roof and flash on the edges. A check for $425 was executed by Frank Martin and delivered, which check was to be held in escrow pending the completion of the porch roof. When Traver attempted to cash this check, he found that payment had been stopped on November 7, 1960.

Traver thereupon commenced an action in the City Court of Saratoga Springs on November 18, 1961 for $672.74, the value of the extras allegedly furnished.

On February 23, 1962 the Martins brought an action in County Court alleging that the work performed by Clarence Traver was improper and not in accordance with the terms of the contract, and demanded damages in the sum of $5,000.

Attached to the motion for summary judgment is an affidavit by Joseph P. Duval, the attorney for Traver, setting forth that

on September 28, 1960 Frank Martin and his attorney, Paul Jones, of counsel for Leary, Fullerton, Ford and Aussicker, and Traver and his attorney, Mr. Duval, met in conference; that Martin then paid the balance due under the contract, and that Martin stated that he was perfectly happy with the way the house had been constructed and that he though that very good workmanship had gone into the house; that everything was in accord with the contract and applicable building codes; and that Martin then signed the " release ".

Martin, through his attorney, contends that the signed paper was not a release and that he could not have intended to release a claim, which he was unaware of, and that at best, it is an admission.

Martin further contends that the motion for summary judgment should not be granted, as there are issues of fact to be tried, including breach of contract and fraud in obtaining the so-called release. He calls attention to the fact that Alice Martin did not sign the statement.

It is conceded that consolidation of the two actions would be proper if the motion for summary judgment is denied. Therefore, the sole question is whether or not the document signed by Frank Martin is a release. No affidavits were offered in behalf of the Martins. There is nothing before this court to show whether said alleged defects are major or minor, nor is there anything before this court to show whether or not the extras were involved in the alleged defects. It is probable, by reason of the time element involved, that the alleged defects pertain to the building contract and not to the extras.

In *Pascoe* v. *Electromatic Mfg. Corp.* (3 A D 2d 818) the court said: " In affirming [an order denying defendant's motion for summary judgment] we do not overlook the case of *Lucio* v. *Curran* (2 N Y 2d 157). It is clear from the *Lucio* case that the courts look behind the release when an issue is raised with respect to what the parties intended to release. This the court did in the *Lucio* case, and, on a motion for summary judgment, held that the affidavits clearly showed that it was intended that the release cover ' the instant dispute '. The court had before it the simple issue as to whether the affidavits raised any triable question of fact in connection with the intention of the parties. Applying the same test to this case we must consider whether the parties intended by the releases to release a claim ".

In *Back* v. *Bergstein* (199 N. Y. S. 2d 844, 845–846) the plaintiff contended that plaintiff was unaware and ignorant of defendant's application for a patent and that defendant's concealment of this fact was fraudulent. Defendant asserted a release. The

court said: " A general release is a general release when the parties so intend. ' Whether a release is to be treated as including all possible claims depends upon the purpose for which the release is given.' Simon v. Simon, 274 App. Div. 447. But men's intentions must be inferred from what they say and do. * * * Under these circumstances, the Court sees no escape from the conclusion that the parties can have intended only a complete end of all obligations of either party under the contract ".

There can be no doubt that, under the circumstances, and upon what uncontroverted facts are submitted here, the release cannot be avoided nor its effect limited to any other action or proceeding. The terms were deliberately bargained for and agreed upon. The attorneys for the respective parties were present. They were the result of no mere inadvertence, accident, mutual mistake or fraud, but, on the contrary, followed deliberate negotiation. (See *Lucio* v. *Curran*, 2 N Y 2d 157; *Unexcelled Laundry System* v. *Esemann*, 273 N. Y. 555.) The general rule applicable is in the oft-cited *Pimpinello* v. *Swift & Co.* case (253 N. Y. 159).

The only remaining question is the fact that the wife did not join in the release, the contract having been executed by both Frank Martin and Alice Martin.

Here the parties and their attorneys met on the day of settlement. It was clearly the intention that Frank Martin and his attorney would act for all interested signers of the building contract. There can be no question but that Frank Martin and the attorney acted in behalf of Alice Martin. However, there can be no liability on the part of Alice Martin to Clarence Traver. It would seem as if she is estopped from asserting any claim against Traver after the release by her husband.

The delivery of the check for final payment and the check for extras to be held in escrow amounts to an accord and satisfaction. Motion for summary judgment granted.