■ FRANK MARTIN et al., Appellants, v. CLARENCE TRAVER, Respondent.— Appeal from an order of a Special Term, County Court, Saratoga County. Plaintiffs sue defendant, who is a builder, for breach of contract for the construction of a dwelling, alleging the work was done carelessly; not in a workmanlike manner, and not finished. The answer pleads a general denial and affirmatively alleges that "the plaintiffs" had "signed a release stating that the contract * * * had been completed satisfactorily according to the terms of the contract". Defendant has had summary judgment and plaintiffs appeal. The instrument on which defendant bases his affirmative defense of release is not a general release or, indeed, a release of any kind. It is a "certificate", merely, stating that the contract "has been completed satisfactorily according to the terms of said contract and that said dwelling is ready and fit for occupancy". This is a piece of evidence, perhaps admissible on a trial toward establishing an accord and satisfaction; but it cannot possibly be read as a release executed for a due consideration discharging defendant from liability. Even as evidence of an accord and satisfaction, it is left by the proof in support of defendant's motion entirely in a vacuum, since the affidavit of the defendant does not show that at the time the paper was signed any dispute existed about due performance of the contract which the instrument was intended to resolve. Nor does defendant's affidavit suggest that the work on the dwelling was in fact done well, or done at all. Moreover, the instrument is signed by only one of the two plaintiffs. It may well be true that the husband who signed it was authorized to do this by his wife as her agent and she may be estopped under some circumstances from denying his authority (cf.

*Farr* v. *Newman,* 18 A D 2d 54), but the record before us is entirely barren of facts which would sustain either authority or estoppel. Judgment reversed and motion denied, with costs. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur. [35 Misc 2d 878.]