■ DONALD GERVASI, Respondent, v. HOLLAND RACEWAY, INC., Appellant. (Action No. 1.) PATRICIA KRAEMER, as Administratrix of the Estate of ROBERT A. KRAEMER, Deceased, Respondent v. HOLLAND RACEWAY, INC., Appellant. (Action No. 2.) WILLIAM H. ROBINSON, JR., Respondent, v. HOLLAND RACEWAY, INC., Appellant. (Action No. 3.) — Order unanimously reversed on the law without costs, motion granted and complaints dismissed. Memorandum: Appellant's motion for summary judgment was denied, on the ground that " There are many questions of fact which must first be determined before it would be possible to apply the law and determine whether or not the releases are valid ". The releases executed by the deceased Robert Kraemer, whose administratrix is a respondent herein, and respondent William H. Robinson provided that persons signing the instruments completely and fully released the Raceway from any claims growing out of injuries to persons at the track acting in the capacity of driver, laborer, pit man, mechanic, owner, participant, spectator, repairman, or helper. A provision of the release stated that " The undersigned recognizes that automobile racing is a hazardous sport or occupation and is entering into such activity • • • voluntarily, as an independent contractor and not as an employee, servant or agent of any party to this agreement ". Kraemer and Robinson were mechanics for individuals whose automobiles were competing in races conducted by appellant Raceway. ¶ Respondents contend that the releases violated public policy and are, therefore, invalid and unenforceable. In *Ciofalo* v. *Vic Tanney Gyms* (10 N Y 2d 294), the Court of Appeals cautioned that such exculpatory clauses must be carefully scrutinized and are not valid in certain types of contracts. The court recognized, however, that where parties voluntarily entered into a contract in an activity where there was " no overriding public interest " (p. 297), where there was no obligation to accept the plaintiff and where he, in turn, " was not required to assent to unacceptable terms " (p. 298), the plaintiff could not later repudiate his agreement. The release in the case at bar was clearly marked at the top and the bottom in bold face type " THIS IS A RELEASE ", as was the case in *Theroux* v. *Kedenburg Racing Assn.* (50 Misc 2d 97, affd. 28 A D 2d 960, mot. for lv. to app. den. 20 N Y 2d 648). *Theroux* rejected the argument that the instrument was violative of public policy. The same determination was reached in *Solodar* v. *Watkins Glen Grand Prix Corp.* (36 A D 2d 552). The respondent mechanics were not employees

of appellant and could have refused to participate. They could have refused to sign the agreement under the conditions imposed by the release. The contention of respondents that the release provision violated public policy as enunciated by section 470 of the Labor Law, is without merit. The race track was not a place of assembly within the meaning of this section of the Labor Law which has no application to the fact situation at bar. ¶ The further claim of respondents that because the accidents occurred on the day the releases were executed they were not effective at the time of the happenings is also without merit. Respondents find no support in sections 20 and 58 of the General Construction Law, as they assert, for these provisions do not bear upon the day when a contract provision becomes effective. The releases spoken *in praesenti* and were effective when signed and when the accidents occurred. ¶ Lack of merit of respondents' remaining arguments makes comment on them unnecessary. Nothing contained in the record raises any genuine issue of fact and defendant has demonstrated such a complete defense to the actions that its motion for summary judgment should have been granted. (Appeal from order of Erie Special Term denying motion for summary judgment in negligence actions.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli, and Cardamone, JJ.