■ ROBERT CHURCH et al., Respondents, v. SENECA COUNTY AGRICULTURAL SOCIETY et al., Appellants, and JOSEPH SCHIAVONE, Defendant.— Appeals by defendants Seneca County Agricultural Society, Waterloo Stock Car Racing Association, Inc., and Charles Gleisner, from an order of Supreme Court at Special Term, entered December 23, 1971 in Otsego County, which denied a motion for summary judgment dismissing the complaint against said defendants. On May 27, 1967, plaintiff, Robert Church, and his brother Paul Church went to Waterloo, New York to attend stock car races at the Waterloo Raceway. The Waterloo Stock Car Racing Association operated the races on land leased to it by the Seneca County Agricultural Society. When Robert Church reached the racetrack, he stopped at the entrance gate and signed an instrument entitled " Waiver and release from liability and indemnity agreement." It was stamped on the top and bottom of the paper in bold face print " This is a Release." By reason of his execution of the release, he was permitted to enter the infield area of the racetrack. After signing the release, Robert and Paul Church got on a trailer carrying a race car being towed by defendant Charles Gleisner, which then proceeded onto the racetrack and across the infield and, while crossing the infield, the trailer was struck by a vehicle operated by defendant Joseph Schiavone, which apparently was out of control. As a result of the collision, Robert Church suffered personal injuries, and commenced this action alleging negligence on the part of all the defendants. Robert Church admits that he signed the release, and that he knew it had to be signed before he wuold be permitted to enter the infield area. The sole issue before us is whether the alleged release constitutes a bar to a recovery by him in this action for personal injuries. The second paragraph of the alleged release provides as follows: " The undersigned intends hereby, fully and completely to release and indemnify all of the persons, firms, parties and corporations hereinabove or hereinafter stated to be released and indemnified, whether the undersigned is acting in the capacity of photographer, truck driver, ambulance driver, laborer, helper, pit man, mechanic, race car driver or owner, participant, spectator ". The defendant, Waterloo Stock Car Racing Association, is identified as one of the releasees, and the release also runs by its terms to " all other persons, firms, or corporations insured by liability policies of * * * Canadian Universal Insurance Company Limited." Respondents, Seneca County Agricultural Society and the Waterloo Stock Car Racing Association, Inc., are both insured by the Canadian Universal Insurance Company, Ltd. A patron who signs an agreement exempting an amusement facility from liability for negligence will be bound thereby, and cannot thereafter recover for personal injuries. (8 ALR 3d 1393, 1396; *Ciofalo* v. *Vic Tanney Gyms*, 10 N Y 2d 294; *Gervasi* v. *Holland Raceway*, 40 A D 2d 574; *Solodar* v. *Watkins Glen Grand Prix Corp.*, 36 A D

2d 552; *Theroux* v. *Kendenburg Racing Assn.*, 50 Misc 2d 97, affd. 28 A D 2d 960, mot. for lv. to app. den. 20 N Y 2d 648; cf. *Lee* v. *Allied Sports Associates*, 349 Mass. 544.) Robert Church, having availed himself of the opportunity to enter the infield of the racetrack, the admission to which required his execution of the release as a condition precedent, he cannot thereafter complain of the waiver of liability which he agreed to. However, the contention of defendant, Charles Gleisner, that the release by its terms was general in nature and extended to relieve him of liability as well, is without merit, and his motion for summary judgment was properly denied. Order modified, on the law, so as to grant summary judgment dismissing the complaint against defendants, Seneca County Agricultural Society and Waterloo Stock Car Racing Association, Inc., and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.