■ DARLENE C. PHIBBS, as Administratrix of the Estate of JAMES R. PHIBBS, Deceased, et al., Respondents-Appellants, v. RAY'S CHEVROLET CORP. et al., Defendants, and LEBANON VALLEY AUTO RACING CORPORATION, Appellant-Respondent.— Cross appeals from an order of the Supreme Court at Special Term entered August 29, 1973 in Rensselaer County, which granted the motion of defendant Lebanon Valley Auto Racing Corp. [hereinafter Lebanon Valley] for reargument and, on reargument, adhered to an order, entered January 2, 1973, denying Lebanon Valley's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion to strike the third separate defense set forth in Lebanon Valley's answer. Defendant Lebanon Valley owns and operates a raceway and drag strip upon which it conducts stock car automobile and motorcycle races. In the course of a trial run on his motorcycle in preparation for a race in which he was entered, plaintiff's intestate sustained fatal injuries when struck by an automobile owned by defendant Ray's Chevrolet Corp., and operated by defendant Barbara Bahorik on the trial strip area of the raceway. The answer of defendant Lebanon Valley to plaintiff's complaint for wrongful death, conscious pain and suffering, and property damage contains, as a third separate and complete defense, the execution by plaintiff's intestate on three separate occasions (but not on the day of the accident) documents entitled " Waiver and Release from Liability and Indemnity Agreement." These agreements purported to exonerate defendant Lebanon Valley and certain others from any liability caused by their negligence arising from any automobile race on their premises. They also formed the basis for a motion for summary judgment by Lebanon Valley and prompted the cross motion by plaintiff to dismiss the third separate defense. The court below denied the motion for summary judgment on the ground that the releases were not broad enough to cover motorcycle accidents and granted the cross motion. Upon granting a motion for reargument, the court adhered to its original decision and this appeal ensued. Although an order granting or denying a motion for reargument is not appealable (*Denison* v. *BP Oil Corp.*, 39 A D 2d 998), since defendant Lebanon Valley submitted additional papers in support of its contentions, technically the motion was not one to reargue, but one to renew. Accordingly, its appeal will stand. The issues presented are (1) whether the use of the word " automobile " in the waiver and release executed by plaintiff's intestate is broad enough to include a motorcycle; (2) whether the amended complaint alleges willful, wanton and gross negligence; and (3) whether a release absolving a defendant from willful, wanton and gross negligence is against public policy. It is well established that while agreements intended to absolve a party from liability for its own negligence are closely scrutinized and strictly construed, they will be enforced by the courts absent some special legal relationship between the parties or some overriding public interest (*Van Dyke Prods.* v. *Eastman Kodak Co.,* 12 N Y

2d 301; *Ciafalo* v. *Vic Tanney Gyms*, 10 N Y 2d 294). This rule has been consistently followed in cases of patrons signing agreements which would exempt amusement facilities, including auto racetracks, from liability for negligence (*Church* v. *Seneca County Agric. Soc.*, 41 A D 2d 787, affd. 34 N Y 2d 571; *Gervasi* v. *Holland Raceway*, 40 A D 2d 574; *Solodar* v. *Watkins Glen Grand Prix Corp.*, 36 A D 2d 552; *Theroux* v. *Kendenburg Racing Assn.*, 50 Misc 2d 97, affd. 28 A D 2d 960, mot. for lv. to app. den. 20 N Y 2d 648). However, under such circumstances, the courts insist that there be a clear understanding between the parties, which plainly and precisely defines the limitation of liability the party attempting to avoid responsibility seeks to obtain (*Van Dyke Prods.* v. *Eastman Kodak Co., supra*, p. 304). In the matter at hand, the releases specifically refer to "automobiles." The word "motorcycle" does not appear in the instruments in question. The language used is clear and unambiguous. The distinction between an automobile and a motorcycle is one of common understanding and usage, and this difference has been recognized by courts in other cases (*Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 A D 2d 114, affd. 31 N Y 2d 830; see, also, *Geiger* v. *Insurance Co. of No. Amer.*, 41 A D 2d 796). Controlling case law provides that in a case such as this, construction of the releases in question is an issue for the court without reference to matters extrinsic to the agreement (*West, Weir & Bartel* v. *Carter Paint Co.*, 25 N Y 2d 535) and, in considering the intention of the parties, "We [should] ' concern ourselves with what the parties intended but only to the extent that they evidenced what they intended by what they wrote'" (*Rodilitz* v. *Neptune Paper Prods.*, 22 N Y 2d 383, 387). Accordingly, Special Term was correct in denying Lebanon Valley's motion for summary judgment and granting plaintiff's cross motion striking the defense in the answer setting forth the waiver and release. Consequently, we need not reach the other issues present on this appeal. Order affirmed, without costs. Greenblott, Kane and Reynolds, JJ., concur; Herlihy, P. J., and Cooke, J., dissent in part in the following memorandum by Herlihy, P. J: Herlihy, P. J. (dissenting). We dissent as to that part of the majority decision which holds, as a matter of law, that the affirmative defense of waiver and release set forth in the answer should be struck.