ROBERT F. KOTARY, an Infant, by His Father and Natural Guardian, CLIFFORD L. KOTARY, Plaintiff, and CLIFFORD L. KOTARY, Individually, Appellant, v. SPENCER SPEEDWAY, INC., Respondent.

MARION E. REITANO, Individually and as Administratrix of the Estate of JAMES REITANO, Deceased, Appellant, v. SPENCER SPEEDWAY, INC., Respondent.

Fourth Department, March 6, 1975.

*Ronald C. Powers (William J. Powers, Jr., of counsel), for Clifford L. Kotary, appellant.*

*Miller, Bouvier, O'Connor & Ceglieski (Gerald Bouvier of counsel), for respondent.*

*Robert C. Napier* (*Gregory J. Bushorr* of counsel), for Marion E. Reitano, appellant.

Mahoney, J. The instant lawsuits are the result of an accident occurring on July 31, 1970 when an automobile participating in a stock car race sponsored by and held at premises of defendant Spencer Speedway, Inc., went out of control and crashed into the bleachers located in the "pit" area, causing several deaths, including that of James Reitano, and injuring numerous other people, including Clifford L. Kotary and his minor son, Robert F. Kotary. The "pit" area located at the north end of the oval racetrack was provided for the racing vehicles before, during and after the races. In addition, it appears that spectators, who were not directly participating in the races, were allowed entrance into the "pit" area and bleachers were erected for their convenience.

All persons wishing to enter the "pit" area, whether as spectators or otherwise, were required to pay an additional $1 admission charge and sign a release form entitled "THIS IS A RELEASE" in bold type with the same phrase printed numerous times in the area where the signature is subscribed. The form further provides: "This agreement is signed for the purpose of fully and completely releasing, discharging and indemnifying from all liability as herein described, all the parties mentioned as being released and indemnified hereby." It is also significant that the release form specifically covers those in the capacity of being "spectators."

Appellant Clifford L. Kotary, on behalf of his infant son, commenced an action against Spencer Speedway, Inc. to recover damages for injuries sustained by said son as well as seeking recovery on his derivative cause of action, as father of the infant plaintiff, for medical expenses incurred in connection therewith. Appellant Marion E. Reitano, individually and as administratrix of the goods, chattels and credits of James Reitano, deceased, also commenced an action against Spencer Speedway, Inc., its officers and owners, and the driver of the car involved in the accident to recover for the death of plaintiff's intestate. Spencer Speedway, Inc. moved for summary judgment in each case on the grounds that the release signed by James Reitano was a complete defense to plaintiff Reitano's cause of action and that the release signed by Clifford L. Kotary constituted a complete release of the derivative cause of action alleged by said plaintiff. Special Term granted orders of summary judgment of dismissal of both actions, from which orders appeals are here taken.

Relative to the Reitano order of dismissal, under the facts here presented Special Term properly granted summary judgment. The release document was clear and unambiguous. Whether read or understood by appellant Reitano's intestate raises no material question of fact or law (49 N. Y. Jur., Release and Discharge, § 18). In the absence of an allegation of fraud or misrepresentation by respondent or the existence of a confidential or fiduciary relationship, there was no duty on respondent to explain the effect of the release (*Foster* v. *Parker,* 282 App. Div. 766, affd. 2 N Y 2d 848). Nor can it be said that the release was invalid for lack of adequate consideration. The general release executed in return for admission to the " pit " area was a bargain freely agreed to by the deceased and by which appellant Reitano must now be deemed bound (*Lucio* v. *Curran,* 2 N Y 2d 157, 163; see, also, General Obligations Law, § 15–303). As for invalidity of the release on the grounds of public policy, decisional law has uniformly rejected such postulate in cases involving hazardous activities of auto racing sport (*Gervasi* v. *Holland Raceway,* 40 A D 2d 574; *Solodar* v. *Watkins Glen Grand Prix Corp.,* 36 A D 2d 552; *Theroux* v. *Kedenburg Racing Assn.,* 50 Misc 2d 97, affd. 28 A D 2d 960, mot. for lv. to app. den. 20 N Y 2d 648), including those in spectator status (*Church* v. *Seneca County Agricultural Soc.,* 41 A D 2d 787, 788).

Special Term's summary dismissal of appellant Kotary's derivative cause of action based upon his execution of a release form upon his admission to the " pit " area was, however, in error. An action by a parent to recover pecuniary loss sustained by reason of injuries inflicted upon his child is derivative in nature to the extent that it depends upon the right of the child to recover for his injuries (*Reilly* v. *Rawleigh,* 245 App. Div. 190, 191). Such cause of action by a parent draws its life from the existence of the cause of action which inures to the benefit of the infant (*Georgetti* v. *29 Holding Corp.,* 31 N. Y. S. 2d 998, 1000).

The instant release herein contains a significant limitation of its operative effect, confined to those claims of the releasor " by reason of any injury suffered * * * by virtue of his being upon said premises, or engaging in any of the activities above mentioned " (i.e., spectator status). Therefore, considering the nature of the father's derivative cause of action and the afore-quoted limitation provision contained in the release, it cannot be held that said cause of action was by reason of the father's presence upon the premises as a spectator. Rather,

the father's derivative cause of action is premised upon his minor son's cause of action, which action, by reason of the son's minority at the time that the son executed the release upon admission to the "pit" area, was not effectively released and is still viable.

Special Term's order dismissing the Kotary derivative action should, therefore, be reversed and the motion for summary judgment denied.

MOULE, J. P., SIMONS, GOLDMAN and WITMER, JJ., concur.

Order unanimously reversed without costs and motion denied.

Judgment unanimously affirmed without costs.