JOSEPH M. JOHNSON et al., Appellants, v THRUWAY SPEED-
WAYS, INC., et al., Respondents.

Third Department, July 13, 1978

**APPEARANCES OF COUNSEL**

*Gordon, Gordon & Siegel (Harold D. Gordon* of counsel), for appellants.

*Bouck, Holloway & Kiernan (John R. Casey* of counsel), for Thruway Speedways, Inc., respondent.

*Carter, Conboy, Bardwell, Case & Blackmore (Wayne L. Burton* of counsel), for Richard Pollack, respondent.

## OPINION OF THE COURT

KANE, J.

On August 9, 1975 at about 10:30 P.M., while a spectator in the grassy infield portion of an automobile racetrack known as Fonda Speedway, the plaintiff Joseph M. Johnson was struck and injured by a pick-up truck driven by the defendant Richard Pollack, an employee of the defendant Thruway Speedways, Inc., the operator of the racetrack. It is his contention that he was among a crowd of spectators watching a race when the truck, a maintenance vehicle not involved in the race, came down along the grass and through the crowd, rather than use an access road provided for it, and collided with him. He also maintains that the truck was without lights or other safety equipment and that its driver had been drinking. In their answers to the complaint, defendants interposed as an affirmative defense that Johnson had executed a release of liability prior to the incident. Based on that release, Special Term granted defendants' motion for summary judgment and denied plaintiffs' cross motion to dismiss the defense. We agree that the motion to strike the defense of release was properly denied, but conclude that the grant of summary judgment in defendants' favor was premature.

■■ Although it is well settled that releases of liability for injuries arising in connection with auto racing were, as a general rule, valid and not against public policy at the time this incident arose (see *Kotary v Spencer Speedway,* 47 AD2d 127; *Church v Seneca County Agric. Soc.,* 41 AD2d 787, affd 34 NY2d 571; *Gervasi v Holland Raceway,* 40 AD2d 574; *Solodar v Watkins Glen Grand Prix Corp.,* 36 AD2d 552),* other factors must be considered before they can be given effect. The instrument of release must be strictly construed *(Phibbs v Ray's Chevrolet Corp.,* 45 AD2d 897) and such an interpretation of the general language contained in the instant release could lead to a conclusion that it only applied to injuries sustained by a spectator which were associated with the risks inherent in the activity of automobile racing. While a party will not be excused from his failure to read and understand the contents of a release *(Lucio v Curran,* 2 NY2d 157), a release which is general in its terms will not bar claims not within the contemplation of the parties at the time it was

---

* See section 5-326 of the General Obligations Law (L 1976, ch 414), effective September 1, 1976, providing that such agreements are now void.

executed *(Mangini v McClung,* 24 NY2d 556; 49 NY Jur, Release and Discharge, § 35). The facts of this case cast sufficient doubt on whether the incident was of the type contemplated by the parties at the time the release was signed to create a triable issue of fact (see *Shaw v Time-Life Records,* 38 NY2d 201, 207).

The order should be modified, on the law, by reversing so much thereof as granted defendants' motion for summary judgment, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order modified, on the law, by reversing so much thereof as granted defendants' motion for summary judgment, and, as so modified, affirmed, without costs.