arbitration, from which no appeal was taken, was *res judicata* with respect to plaintiffs' claim here against Royal Globe. We find no merit to the argument of plaintiffs and MVAIC that the question of whether the infant Ronald was an "insured" under the uninsured motorist endorsement of the Royal Globe policy was not decided on the motion to stay arbitration. That specific issue was presented to the court in both the moving and answering papers submitted on the motion and indeed, the court's order thereon specifically addresses the issue. Moreover, the same Judge, sitting at Special Term, decided both the motion for the stay of arbitration and the motion here under review. While we agree that the court erred in holding that the infant Ronald was not an "insured" under the Royal Globe policy (see Insurance Law, § 601, subd i; § 167, subd 2-a), the finding of no coverage nonetheless is *res judicata* as to plaintiffs (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Special Term, despite its earlier erroneous finding, properly granted summary judgment to Royal Globe. The earlier determination, however, is not *res judicata* as to MVAIC (see *Matter of Wallace v MVAIC,* 25 NY2d 384, 388; *MVAIC v National Grange Mut. Ins. Co.,* 19 NY2d 115). MVAIC is not entitled to relitigation of the issue of plaintiffs' status, however, unless it can demonstrate that the prior adjudication was not "the result of fully contested litigation and devoid of taint of collusion or default" *(Matter of Wallace v MVAIC, supra,* p 388). That was precisely the circumstance in *MVAIC v National Grange Mut. Ins. Co. (supra),* where the indemnification corporation was permitted to make claim against the insurer because the prior adjudication of the injured party's status was the product of a default judgment on behalf of the insurer. Here plaintiffs have done all which could reasonably have been expected of them in pursuit of Ronald's claim. In both the prior proceeding and here, they have vigorously argued that Ronald is an "insured" under the Royal Globe policy. We will not now subject that issue to further litigation solely on the basis that Special Term made an error of law in its initial determination. MVAIC's motions for summary judgment against plaintiffs and against Royal Globe should be denied. Although MVAIC has not demonstrated that the infant Ronald is not otherwise a "qualified person" within the meaning of subdivision b of section 601 of the Insurance Law, we decline to grant summary judgment to plaintiffs because it does not appear that MVAIC has waived the jurisdictional issue (CPLR 3211, subd [a], par 8) raised in its answer (see CPLR 320, subd [b]). (Appeal from order of Onondaga Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.

■ CAROL MELLERSKI, Respondent, v GREAT LAKES AUTO RACING PROMOTIONS, INC., Appellant. CAROL MELLERSKI, Respondent, v DONALD BOTTING, Appellant. (Appeal No. 1.)—Order unanimously affirmed, with costs, on the memorandum decision at Special Term, Kuszynski, J. Memorandum: In affirming we note that this court's decision in *Kotary v Spencer Speedway* (47 AD2d 127) relied upon by appellants is distinguishable upon its facts. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Doerr and Moule, JJ.

■ CAROL MELLERSKI, Appellant, v GREAT LAKES AUTO RACING PROMOTIONS, INC., Respondent. CAROL MELLERSKI, Appellant, v DONALD BOTTING, Respondent. (Appeal No. 2.)—Order unanimously affirmed, without costs (see CPLR 1412). (Appeal from order of Erie Supreme Court—strike defense.) Present—Cardamone, J. P., Simons, Hancock, Jr., Doerr and Moule, JJ.