386 So.2d 272 (1980)
Anita C. THOMAS, As Personal Representative of Randolph R. Thomas, Deceased, Appellant/Cross-Appellee,
v.
SPORTS CAR CLUB OF AMERICA, INC., Florida Region-Scca, Inc., Gold Coast Raceway, Inc., D/B/a Palm Beach International Raceway et al., Appellees/Cross-Appellants.
Nos. 78-2472, 79-432.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
Rehearing Denied August 19, 1980.
John A. DeVault, III and William C. Gentry of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellant/cross-appellee.
Majorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellees/cross-appellants.
ANSTEAD, Judge.
This is an appeal from a final judgment entered after the court granted a motion for directed verdict against the appellant on her action for the wrongful death of her deceased husband.
The deceased was killed while driving in a sports car race at Palm Beach International *273 Raceway. Before the race started the deceased executed a release in favor of the appellees and others. The release provided:
IN CONSIDERATION of being permitted (1) in racing events, to enter for any purpose the RESTRICTED AREA (herein defined as the area to which admission for the general public is prohibited, including but not limited to the pit areas and racing surface, including walkways, concessions and other appurtenances therein), or (2) in non-racing events, to compete, officiate, observe, work for or for any purpose participate, each of the Undersigned, for himself and personal representatives, assigns, heirs and next of kin, agrees, and on the direct representation that he has, or will immediately inspect such RESTRICTED AREA and he does further warrant that his participation in the scheduled event and his entrance upon the RESTRICTED AREA, constitute an acknowledgment that he has inspected the RESTRICTED AREA and that it is safe and reasonably suited for the purposes of the program for which this Release and Waiver applies:
1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the Sports Car Club of America, Inc., SCCA Regions, their officers and members; officials, car owners, drivers, pit crews, participants, racing associations, persons in the Restricted Area, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the event, and each of them, their officers and employees, all for the purposes herein referred to as RELEASES, from all liability to the Undersigned, his personal representatives, assigns, heirs and next of kin for all loss or damage, and any claim or demands therefor, on account of injury to the person or property or resulting in death of the Undersigned, whether caused by the negligence of Releasees or otherwise while the Undersigned is in or upon the Restricted Area, and/or competing, officiating in, working or for any purpose participating in such event;
2. HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them from any loss, liability, damage, or cost they may incur due to the presence of Undersigned in or upon the Restricted Area and whether caused by the negligence the Releasees or otherwise; and
3. HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK of bodily injury, death or property damage due to negligence of Releasees or otherwise while in or upon the Restricted Area, and/or while competing, officiating in, working or for any purpose participating in such event;
Each of the Undersigned expressly agrees that the foregoing Release, Waiver and Indemnity Agreement is intended to be as broad and inclusive as is permitted by the law of the state in which the event is conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.
THE UNDERSIGNED HAS READ AND VOLUNTARILY SIGNS THIS RELEASE AND WAIVER OF ALL LIABILITY AND INDEMNITY AGREEMENT, and further agrees that no oral representation statements or inducements apart from the foregoing written agreement have been made.
In the subsequent wrongful death action, the appellant sought to avoid the release on the theory that the release was latently ambiguous and that the parties to the release actually intended that the release only apply to claims in excess of one million dollars, which was the amount of event liability insurance that the appellee, Foremost Insurance Company, issued to protect the appellees, the deceased and other race participants. The appellees relied on the release as a complete defense and denied that the release was ambiguous or that the parties intended that it only apply to claims in excess of one million dollars.
At trial the court ruled that the release was ambiguous and allowed the appellant to present parol evidence as to the *274 intention of the parties. However, at the close of the appellant's case, the trial court granted appellees' motion for directed verdict on the grounds that the appellant had presented no competent evidence which would allow the jury to conclude that the parties agreed the release applied only to claims in excess of one million dollars. We have reviewed all the evidence presented at trial and find no error by the trial court in directing a verdict.
The appellant also contends that the release is void because it is against public policy. Although numerous jurisdictions have upheld the validity of similar releases,[1] we do not believe the appellant has preserved this issue for appeal since the issue was not properly raised in the trial court. The trial court was never given a proper opportunity to consider this issue and we do not believe this is a matter of fundamental error which need not be asserted in the trial court.
At the time the motion for directed verdict was argued, the appellant also sought to amend her pleadings to allege other matters in avoidance of the release. At that time the trial court reviewed the lengthy pretrial proceedings that had taken place and the numerous opportunities presented to appellant to amend her pleadings and denied the motion to amend. The court also noted that the appellees had not tried any such issues of avoidance by consent. We find no abuse of discretion in this ruling by the trial court. Fearing v. De Lugar Nuevo, 106 So.2d 873 (Fla. 2d DCA 1958).
We also find no abuse of discretion in the rulings by the trial court on the appellees' motion to tax costs which the appellees have challenged in a cross-appeal. Cohn v. Florida National Bank of Orlando, 223 So.2d 767 (Fla. 4th DCA 1969).
In accordance with the opinion set out above the judgments of the trial court are hereby affirmed.
HURLEY, J., and RIVKIND, LEONARD, Associate Judge, concur.
NOTES
[1] Gross v. Sweet, 64 A.D.2d 774, 407 N.Y.S.2d 254 (1978); Tope v. Waterford Hills Road Racing Corporation, 81 Mich. App. 591, 265 N.W.2d 761 (1978); Johnson v. Thruway Speedways, Inc., 63 A.D.2d 204, 407 N.Y.S.2d 81 (1978); LaFrenz v. Lake County Fairboard, 360 N.E.2d 605 (Ind. 3d DCA 1977); Trumbower v. Sports Car Club of America, Inc., 428 F. Supp. 1113 (W.D.Okl. 1976); Kotary v. Spencer Speedway, Inc., 47 A.D.2d 127, 365 N.Y.S.2d 87 (1975); Gore v. Tri-County Raceway, Inc., 407 F. Supp. 489 (M.D.Ala. 1974); Morrow v. Auto Championship Racing Association, 8 Ill. App.3d 682, 291 N.E.2d 30 (1972); Winterstein v. Wilcom, 16 Md. App. 130, 293 A.2d 821 (1972), cert. denied 266 Md. 744 (1972); Gervasi v. Holland Raceway, Inc., 40 A.D.2d 574, 334 N.Y.S.2d 527 (1972); Seymour v. New Bremen Speedway, Inc., 31 Ohio App.2d 141, 287 N.E.2d 111 (1971); Solodar v. Watkins Glen Grand Prix Corporation, 36 A.D.2d 552, 317 N.Y.S.2d 228 (1971); Theroux v. Kenenburg Racing Assoc., Inc., 50 Misc.2d 97, 269 N.Y.S.2d 789 (1965); Corpus Christi Speedway v. Morton, 279 S.W.2d 903 (Tex.Civ.App. 1955).