PER CURIAM.
The plaintiff Ellen Shisko [hereinafter Shisko] appeals a final judgment entered upon a directed verdict in favor of the defendants Chamberlain Manufacturing Co. [hereinafter Chamberlain] and Sears, Roebuck & Co. [hereinafter Sears] in a products liability action. The plaintiff Shis-ko does not, however, challenge that portion of the final judgment entered in favor of the defendant Sears on the negligence count of the complaint based on an adverse jury verdict. We affirm based on the following briefly stated legal analysis.
First, the gravamen of the plaintiff Shis-ko’s amended complaint was that the plaintiff injured herself while attempting to manually operate a garage door opener manufactured by the defendant Chamberlain and retailed and installed by the defendant Sears. It was claimed that a rope, which was part of the mechanism for manual operation of the garage door opener, snapped while the plaintiff was manually operating the garage door, causing her to fall down and sustain certain injuries. The plaintiff Shisko brought suit against the defendants Chamberlain and Sears based on negligence and strict liability in tort claims. It was alleged that the defendant Chamberlain manufactured, designed, and/or assembled the garage door opener so that when one pulled in a normal fashion on the pull release, the attached rope was likely to break. It was claimed in the negligence count that the garage door opener was, therefore, negligently manufactured, designed and/or assembled; it was alleged in the strict liability in tort count that the garage door opener was defective. It was further alleged, in a negligence count, that the defendant Sears negligently failed to discover this aforesaid defect in the garage door opener and negligently failed to warn the plaintiff of this defect — it was also alleged in the strict liability in tort claim that Sears, in selling the garage door opener with the aforesaid defect, was strictly liable.
Second, the plaintiff’s proofs at trial, without dispute, failed to establish (a) the strict liability in tort and negligence claims, as pled in the amended complaint, against the defendant Chamberlain, and (b) the strict liability in tort claims, as pled in the amended complaint, against the defendant Sears. It therefore follows that the trial court correctly entered a directed verdict for the defendants on these counts. The plaintiff argues, however, that the garage door opener was defective in another respect not pled in the amended complaint in that the instructional manual was deficient, that such a claim was proven below at trial, and that, accordingly, the trial court erred in entering the subject directed verdicts. We cannot agree. Our review of the record reveals no motion by the plaintiff to amend her complaint to state a claim based upon the instructional manual, and no basis upon which it could be said that the issue was tried by implied consent of the parties. First, the evidence as to an alleged defect in the instructional manual adduced at trial did not sufficiently raise a jury issue on this asserted new claim — so that it cannot be said that the issue herein was tried by *532 implied consent. See Food Fair Stores of Florida, Inc. v. Sommer, 111 So.2d 743, 745-46 (Pla. 3d DCA 1959); Fearing v. De Lugar Neuvo, 106 So.2d 873, 874 (Fla. 2d DCA 1958). Second, the defendant properly objected to the new claim, when it was first asserted by the plaintiff during argument on defense motions for directed verdict, by urging that the evidence was insufficient to support any of the theories of liability raised by the plaintiff. See Neveils v. Thagard, 145 So.2d 495, 498 (Fla. 1st DCA 1962); Morton v. Hardwick Stove Co., 138 So.2d 807, 812 (Fla. 2d DCA 1962); Tucker v. Daugherty, 122 So.2d 230, 232 (Fla. 2d DCA), cert. denied, 125 So.2d 878 (Fla.1960).
The final judgment under review is, in all respects,
Affirmed.