**Loren ROHMAN and Renee Rohman, his wife, Plaintiffs,**

v.

**CHEMICAL LEAMAN TANK LINES, INC. and Ryder Truck Rental, Inc., Defendants.**

No. 95 Civ. 2243 (WCC).

United States District Court, S.D. New York.

April 24, 1996.

Law Offices of Edgar L. Sheller, New York City, for Plaintiffs; Edgar L. Sheller, of counsel.

Thurm & Heller, L.L.P., New York City, for Plaintiffs on the Counterclaim; Hillary P. Kahan, of counsel.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for Defendant Chemical Leaman Tank Lines, Inc.; Larry H. Lum, of counsel.

Anderson Kill Olick & Oshinsky, P.C., New York City, for Defendant Ryder Truck Rental, Inc.; Heather Martínez, of counsel.

## *OPINION AND ORDER*

WILLIAM C. CONNER, Senior District Judge:

Defendant Chemical Leaman Tank Lines, Inc. ("Chemical Leaman") has moved for summary judgment dismissing the claims and crossclaims against it. Plaintiffs have requested that we deem their responses to Chemical Leaman's requests for admission timely filed. For the reasons set forth below, Chemical Leaman's motion is denied, and plaintiffs' request is granted.

## BACKGROUND

On August 17, 1993, plaintiff Loren Rohman ("Rohman") was driving a truck on the Cross Bronx Expressway. John Witt, an employee of defendant Chemical Leaman Tank Lines, Inc. ("Chemical Leaman"), was driving the truck immediately behind Rohman's in traffic. Fred Hauff, driving a truck owned by defendant Ryder Truck Rental, Inc. ("Ryder"), was immediately behind the Chemical Leaman truck. Each driver presents a different version of the events that ensued. Rohman contends that traffic conditions ahead of him required him to stop his truck. After tapping his brakes once as a warning, he brought his truck to a controlled stop. His truck was then struck twice from behind. *See* Affidavit of Loren Rohman, dated Mar. 22, 1996, at ¶¶ 2–3. Chemical Leaman asserts that Rohman stopped his truck suddenly and unexpectedly. Although Witt managed to stop the Chemical Leaman truck without hitting Rohman's truck, the Ryder truck struck Witt's vehicle from behind and pushed it into Rohman's. *See* Affidavit of John Witt, dated Apr. 2, 1996, at ¶¶ 2–3. Ryder contends that Chemical Leaman's truck hit Rohman's truck twice: once before Chemical Leaman's truck stopped and again when the Chemical Leaman truck's sudden and unexpected stop caused the Ryder truck to hit it and to push it into Rohman's truck. *See* Affidavit of Heather Martinez, dated Mar. 14, 1996, at ¶¶ 4–5.

After the accident, the drivers got out of their trucks to discuss the incident. The parties differ about what happened then.

Chemical Leaman contends that Witt presented Hauff with a form bearing the heading "Exoneration Card." Witt asked Hauff to fill it out and to sign it, which Hauff did. Witt then presented the card to Rohman to sign. Rohman did so. *See* Witt Aff., at ¶ 4. Rohman asserts that Witt asked him to fill out and sign a witness card. Rohman took the proffered card into his truck, filled out his name, company and address and signed it. He then returned to card to Witt. He contends that the card that he signed was not the exoneration card that Chemical Leaman has submitted to the court in connection with this motion. *See* Rohman Aff., at ¶¶ 7–9. Hauff maintains that Witt presented a card to him. Witt told him that it was a witness card and that Hauff had to sign it. Hauff signed the card but contends that he did not read it because Witt's head was bleeding and Witt had told Hauff that he was in a hurry to go to the hospital. *See* Hauff Aff., at ¶¶ 8–9.

The exoneration card reads, in its entirety, as follows:

## EXONERATION CARD

To Whom It May Concern:

I hereby exonerate and free from all negligence or blame driver *John Witt* and his employer in connection with an accident involving the undersigned which occurred at *I–95 Bronx, NY* on this day *8–17, 1993.*
Name: *Fred Hauff*
Signed: */s/ Fred Hauff*
Address: *[illegible]*
Witnessed by: */s/ L. Rohman*
Signed: *L. Rohman*
Date: *8–17, 1993*

Exhibit A, attached to Rohman Aff.

Rohman and his wife Renee Rohman filed this suit on April 5, 1995. Rohman alleges that he suffered personal injuries as a result of the accident and asserts claims for negligence against Chemical Leaman and Ryder. His wife has asserted claims against the defendants for loss of consortium. Defendants

have asserted crossclaims for negligence against one another, and Ryder has asserted a counterclaim for negligence against Rohman.

Chemical Leaman has made requests for admission, dated October 20, 1995, that include requests that Rohman admit that he signed the exoneration card, that he read it before signing it and that he signed it of his own free will. *See* Exhibit C, at ¶¶ 8–10, attached to Affidavit of Hillary P. Kahan, dated Mar. 28, 1996. Plaintiffs' attorney did not serve responses to Chemical Leaman's requests for admission until March 26, 1996. *See* Affidavit of Edgar L. Sheller, dated Mar. 29, 199[6], at ¶ 2. In those responses, Rohman denies that he signed the exoneration card. *See* Exhibit B, at ¶¶ 8–10, attached to Sheller Aff.

## DISCUSSION

I. Motion for Summary Judgment

■ Summary judgment should be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law. . . ." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). No genuine issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. *See id.,* at 248–49, 106 S.Ct. at 2510–11. In evaluating a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.,* at 255, 106 S.Ct. at 2513.

Chemical Leaman seeks summary judgment on the ground that neither Rohman nor Ryder can establish a *prima facie* case of negligence against it. Chemical Leaman contends that by signing the exoneration card, Rohman and Hauff admitted that Witt and Chemical Leaman were not negligent in connection with the accident.[1] It argues that

---

1. Ryder does not dispute that Hauff signed the exoneration card. Solely for the purposes of the discussion in this section, we assume that Roh-

man also signed it, although we note that he contends otherwise. Because we assume that Rohman signed the exoneration card, the parties'

plaintiffs and Ryder should be "bound" by the statements that Rohman and Hauff made at the scene of the accident. Chemical Leaman is not, however, contending that the exoneration card is a valid release of plaintiffs' and Ryder's claims against it. Indeed, in its reply affirmation, Chemical Leaman explicitly states that "[t]he exoneration card is not offered as a legally binding contract, but merely as evidence of the fact that the adverse drivers' signatures appear on a document which by its terms holds John Witt, and his employer, Chemical Leaman, blameless...." Chemical Leaman's Reply Brief, at ¶ 8.

It is rather difficult to discern how plaintiffs and Ryder may be "bound" by a document that Chemical Leaman itself asserts is not a contract. The cases on which Chemical Leaman relies do not provide support for its argument, as they either discuss or refer to the principle that under New York law, a party may be bound by the terms of a contract that he signed even if he did not read the contract or understand it beforehand. *See Gillman v. Chase Manhattan Bank, N.A.,* 73 N.Y.2d 1, 537 N.Y.S.2d 787, 792, 534 N.E.2d 824, 829 (1988); *Lucio v. Curran,* 2 N.Y.2d 157, 157 N.Y.S.2d 948, 951–52, 139 N.E.2d 133, 135–36 (1956); *In Re Stone's Estate,* 272 N.Y. 121, 123–24, 5 N.E.2d 61 (1936); *Pimpinello v. Swift & Co.,* 253 N.Y. 159, 161–63, 170 N.E. 530 (1930); *Metzger v. Aetna Insur. Co.,* 227 N.Y. 411, 415–16, 125 N.E. 814 (1920); *Sofio v. Hughes,* 162 A.D.2d 518, 556 N.Y.S.2d 717, 718–19, *appeal denied,* 76 N.Y.2d 712, 563 N.Y.S.2d 768, 565 N.E.2d 517 (1990); *Johnson v. Thruway Speedways, Inc.,* 63 A.D.2d 204, 407 N.Y.S.2d 81, 83 (1978). Chemical Leaman seems to be arguing that because Rohman and Hauff signed the exoneration card, plaintiffs and Ryder are somehow estopped from asserting that Witt and Chemical Leaman were negligent. There is, however, no form of estoppel that would yield that result. Not surprisingly, Chemical Leaman has failed to cite any authority that would support this reasoning. ▮ Despite Chemical Leaman's attempts to contend otherwise, the exoneration card is simply a piece of evidence that tends to show that Chemical Leaman and its driver were not negligent in connection with the accident. *Cf. Martin v. Traver,* 19 A.D.2d 571, 239 N.Y.S.2d 781, 781–82 (1963) (holding that certificate signed by plaintiff stating that contract was satisfactorily completed was not release of breach of contract claim, but was evidence in case). In essence, Chemical Leaman is arguing that this one piece of evidence is so compelling that it is entitled to summary judgment on this basis alone. While it is possible that a jury could find the exoneration card to be persuasive evidence that Witt and Chemical Leaman were not negligent, there is also evidence that could lead a reasonable jury to the opposite conclusion.

For instance, Rohman testified that he "touched [his] brakes once as a warning and then brought [his] vehicle to a controlled stop[,]" yet still was rear ended twice. *See* Rohman Aff., at ¶¶ 2–3. Furthermore, Ryder contends that Witt's sudden and unexpected stop caused Hauff to rear end the Chemical Leaman truck, thereby causing the second contact with Rohman's truck. *See* Martinez Aff., at ¶ 5 (relying on accident report). Both parties make factual assertions about the circumstances under which the exoneration card was signed that could undercut its persuasiveness as evidence of an absence of negligence on Chemical Leaman's part. *See* Rohman Aff., at ¶¶ 7–9; Hauff Aff., at ¶¶ 8–9. If a jury credits some or all of this evidence, rather than Witt's contradictory testimony and the exoneration card, it could reasonably find that Witt and Chemical Leaman were negligent. On summary judgment, it is not the court's role to weigh this evidence or to hazard guesses about the credibility of the various witnesses. The question of which of the drivers, if any, were negligent is clearly one for the jury.

## II. Requests for Admission

Under Fed.R.Civ.P. 36(a), a matter set forth in a request for admission is deemed admitted unless, within 30 days after service of the requests, the party requesting admission receives an answer or objection to the

---

dispute over the requests for admission does not affect our reasoning.

request. It is undisputed that Chemical Leaman did not receive timely responses to its request from plaintiffs' counsel. Chemical Leaman therefore contends that Rohman has admitted that he signed the exoneration card, that he read it before signing it and that he signed it of his own free will.

Plaintiffs' counsel has not provided a satisfactory explanation for his failure to respond in a timely fashion. *See* Sheller Aff., at ¶¶ 1–2, 5 (setting forth tale of unforwarded mail and inadvertent failure to reply). Under Fed.R.Civ.P. 36(b):

> Any matter admitted under [Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Plaintiffs' counsel has requested that we deem his responses, dated March 26, 1996, timely filed, thereby withdrawing the admissions.[2]

■ We conclude that the presentation of the merits of this action will be subserved by permitting plaintiffs to withdraw the admissions. This action encompasses inter-related claims, crossclaims and counterclaims for negligence among plaintiffs, Chemical Leaman and Ryder. The exoneration card is likely to be an important piece of evidence in the jury's evaluation of which of the parties, if any, was negligent. We believe that in evaluating the reliability of this piece of evidence, the jury will benefit from a full exploration of the events surrounding the purported signing of the card. Furthermore, the

presentation of the merits of this case can only be facilitated by eliminating any possible inconsistency or potential for confusion that might arise at trial if plaintiffs were deemed to have admitted that Rohman signed the exoneration card knowingly and willingly, while those same factual matters were disputed with respect to Rohman's defense to Ryder's counterclaim against him.[3]

Chemical Leaman has not advanced any reason why it would be prejudiced in maintaining this action on the merits if we grant the request of plaintiffs' counsel. *See* Chemical Leaman's Reply Brief, at ¶ 2 (no mention of prejudice to Chemical Leaman). Therefore, we permit plaintiffs to withdraw the admissions, and we deem their responses, dated March 26, 1996, timely filed.

### CONCLUSION

For the reasons set forth above, Chemical Leaman's motion for summary judgment is denied. Plaintiffs' responses to Chemical Leaman's requests for admission are deemed timely filed.

SO ORDERED.

---

2. We treat this request, made in counsel's affirmation in opposition to Chemical Leaman's summary judgment motion, as the equivalent of a formal motion under Rule 36(b). The grounds on which plaintiffs' counsel seeks relief are clearly set forth in his affirmation, and the basis for Chemical Leaman's opposition to his request is outlined in its reply papers. Requiring plaintiffs' counsel to file a formal notice of motion would be inefficient.

3. Rohman is represented by separate counsel on Ryder's counterclaim against him. That attorney was not served with Chemical Leaman's requests for admission. *See* Kahan Aff., at ¶¶ 5–7; Chemical Leaman's Reply Brief, at ¶ 2. Clearly, Rule 36(a) does not apply if the requests for admission were never served on counsel.