THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH ROSS, Appellant.

No opinion. Beldock, P. J., Brennan and Munder, JJ., concur; Christ, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum, in which Benjamin, J. concurs: Defendant was convicted, after trial, of criminally buying and receiving stolen property as a felony. At the same time, he was acquitted of larceny. The proof was that eight days after the property in question (an automobile) was stolen, defendant was apprehended by the police as he was driving the car alone. Over objection of defense counsel, the officer was permitted to testify that, on questioning, defendant stated that eight days previously he had met a woman in a bar who loaned it to him. Other than this testimony, there was no proof that the car was stolen by a third person. It is well established that in order to constitute the crime of which defendant was convicted, there must be proof that the theft was committed by someone else (Penal Law, § 1308; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Berger,* 260 App. Div. 687, 690, affd. 285 N. Y. 811). In the case before us the only such proof was the testimony by the officer about the statement made to him by defendant. Concededly, the District Attorney gave no written notice to the defendant or his attorney, prior to the trial, that he intended to offer the statement in evidence. In view of the requirement that such notice be given " where the people intend to offer a confession or admission in evidence " (Code Crim. Pro., § 813-f), the failure of the People to give the notice constituted reversible error (*People* v. *Huntley,* 15 N Y 2d 72). It is said that section 813-f of the Code of Criminal Procedure is not applicable because the defendant's statement was exculpatory. Yet, it is this " exculpatory " statement that furnishes the proof of a taking by a third person — proof that is essential to sustain the conviction. In the circumstances, defendant's statement was being used by the prosecution as an admission, and the cited statute is applicable.