Joan TRUMBOWER, Plaintiff,

v.

SPORTS CAR CLUB OF AMERICA, INC., a Foreign Corporation, et al., Defendants.

No. CIV–76–0024–D.

United States District Court, W. D. Oklahoma.

Aug. 12, 1976.

John C. Niemeyer, David W. Edmonds, Oklahoma City, Okl., for plaintiff.

Kenneth N. McKinney, Philip L. Savage, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff Joan Trumbower brings this action to recover for the allegedly wrongful death of Stanford Trumbower, deceased. Plaintiff alleges that on and prior to July 6, 1974, the Defendants jointly sponsored an automobile racing event known as the Ponca City Grand Prix. Plaintiff's deceased entered this event and was fatally injured in the sixth race when his vehicle collided with a tree branch which extended into the track from a cedar tree growing on the left side of the track. Plaintiff charges Defendants with numerous counts of negligence in failing to protect her deceased from the hazard presented by the aforementioned tree branch.

Defendants have filed herein a joint Motion for Summary Judgment on the basis of two releases of liability signed by Plaintiff's deceased prior to entering into the aforementioned race. The subject releases, which are identified by affidavit, read in part:

"IN CONSIDERATION of being permitted (1) in racing events to enter for any purpose the RESTRICTED AREA * * each of the Undersigned, for himself and personal representatives, heirs, and next of kin:

HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the Sports Car Club of America, Inc., SCCA Regions, their officers and members; officials, car owners, drivers, pit crews, participants, persons in the Restricted Area, promoters, sponsors, advertisers, owners and lessees of the premises used to conduct the event, and each of them, their officers and employees, all for the purposes herein referred to as RELEASEES, from all liability to the Undersigned, his personal representatives, assigns, heirs and next of kin for all loss or damage, and any claim or damage therefor, on account of injury to the person or property or resulting in death of the Undersigned, whether caused by the negligence of Releasees or otherwise while the Undersigned is in or upon the Restricted Area, and/or competing, officiating in, working or for any purpose participating in such event;

HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them from any loss, liability, damage, or cost they may incur due to the presence of the Under-

signed in or upon the Restricted Area and whether caused by the negligence of the Releasees or otherwise; and HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK of bodily injury, death or property damage due to negligence of Releasees or otherwise while in or upon the Restricted Area, and/or while competing, officiating in, working or for any purpose participating in such event; Each of the Undersigned expressly agrees that the foregoing Release, Waiver, and Indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the state in which the event is conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect;

I, THE UNDERSIGNED, BEING OF LAWFUL AGE, IN CONSIDERATION OF MY BEING PERMITTED TO PARTICIPATE IN, VIEW, AND/OR ATTEND IN ANY CAPACITY WHATSOEVER THE NATIONAL RACE MENTIONED ABOVE, OR IN ANY ACTIVITIES CONNECTED WITH SUCH RACE, DO FOR MYSELF, MY HEIRS, EXECUTORS, ADMINISTRATORS AND ASSIGNS, HEREBY RELEASE, AND REMISF [sic] AND FOREVER DISCHARGE THE OKLAHOMA REGION, SPORTS CAR CLUB OF AMERICA, INC., THE AMERICAN BUSINESS CLUB OF PONCA CITY, THE CITY OF PONCA CITY, AND ALL OTHER PARTICIPANTS AND/OR/ANY INDIVIDUAL, GROUP, CORPORATION, OR GROUP SPONSORING SUCH RACES, HIS/HER/THEIR HEIRS, ADMINISTRATORS AND EXECUTORS OF AND FROM ANY AND EVERY CLAIM, DEMAND, ACTION OR RIGHT OF ACTION, OF WHATSOEVER KIND OF NATURE, EITHER IN LAW OR IN EQUITY ARISING FROM OR BY REASON OF ANY BODILY INJURY OR PERSONAL INJURIES, KNOWN OR UNKNOWN, DEATH AND/OR PROPERTY DAMAGE RESULTING OR TO RESULT FROM ANY ACCIDENT WHICH MAY OCCUR AS A RESULT OF PARTICIPATION IN OR ATTENDANCE AT SUCH NATIONAL RACE, OR ANY ACTIVITIES IN CONNECTION WITH SUCH RACE, ON THE DATES MENTIONED ABOVE, WHETHER BY NEGLIGENCE OR NOT. I FURTHER RELEASE ALL OFFICIALS AND PROFESSIONAL PERSONNEL FROM ANY CLAIM WHATSOEVER ON ACCOUT [sic] OF FIRST AID, TREATMENT OR SERVICE RENDERED ME DURING THIS EVENT. THIS RELEASE CONTAINS THE ENTIRE AGREEMENT BETWEEN PARTIES HERETO AND THE TERMS OF THE RELEASE ARE CONTRACTUAL AND NOT A MERE RECITAL. I FURTHER STATE THAT I HAVE CAREFULLY READ THE FOREGOING RELEASE AND KNOW THE CONTENT THEREOF AND I SIGN AS MY OWN FREE ACT."

Plaintiff opposes Defendants' Motion for Summary Judgment on the grounds that the subject releases are void as being violative of the public policy of the State of Oklahoma and that exculpatory contracts are prohibited by the Constitution of the State of Oklahoma in death cases. Plaintiff's contentions will be considered in reverse order.

■ In support of her constitutional argument Plaintiff relies on Sections 7 and 8 of Article 23 of the Constitution of the State of Oklahoma, which reads in pertinent part:

"The right of action to recover damages for injuries resulting in death shall never be abrogated * * * "

and

"Any provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void."

Plaintiff's reliance is misplaced. It is well settled that the former section means that the right of action to recover damages for injuries resulting in death shall never be abrogated *by the legislature.* In *F. W.*

**1116**

*Woolworth Co. v. Todd,* 204 Okl. 532, 231 P.2d 681 (1951) the Court stated:

"Section 7 of Article 23 of the constitution which plaintiff asserts the release violates, provides: 'The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitations.'

"The words 'shall never be abrogated' as there used, mean: Shall never be annulled or repealed by an authoritative act, that is, shall never be withdrawn or taken away by the authority which bestowed it, that is, the legislative act, or other legislative authority."

In *Roberts v. Merrill,* 386 P.2d 780 (Okl. 1963) the Court stated:

"In its original form, Art. 23, Sec. 7, unmistakably comprises two distinct concepts, both equally categorical and absolute in their terms—protection against legislative abrogation of the right of action for injuries resulting in death and interdiction of any statutory limitation upon the amount recoverable in that class of actions. While the 1950 amendment did qualify the latter inhibition, it left the former intact and unaffected."

■ In view of the foregoing the Court has no difficulty in concluding that Section 7 of Article 23 of the Oklahoma Constitution does not prohibit private contracts excusing a party from his own acts of negligence.

■ It is equally clear that the public policy of the State of Oklahoma does not, in all cases, prohibit exculpatory contracts. In *Gulf, C. & S.F.Ry. Co. v. Anderson,* 120 Okl. 60, 250 P. 500 (1926) the Court stated:

"We would not hold that a contract governing and exempting liability for future damages resulting from the negligence of the defendant might not be entered into * * * *"

In *Mohawk Drilling Company v. McCullough Tool Company,* 271 F.2d 627 (Tenth

Cir. 1959) the Court quoted a portion of the opinion of the Supreme Court of Oklahoma in *Sinclair Refining Co. v. Lang* which had appeared in the Oklahoma Bar Association Journal but which opinion was withdrawn by the Court when the plaintiff in error withdrew his appeal. The quotation as set out in *Mohawk* reads in part:

"While contracts exempting persons from liability for negligence are not favored by the law and are strictly construed against those relying thereon * * * nevertheless, the above cases following the majority rule tend to sustain defendant's contention that a person may effectively bargain against harm caused by his ordinary negligence in the performance of a legal duty arising out of a contractual relation. * * * it is said that this general rule rests upon the broad policy of the law which accords to contracting parties freedom to bind themselves as they see fit, subject, however, to the qualification that contractual provisions violative of the law or contrary to public policy are void and unenforceable."

This withdrawn opinion appears to be the latest expression of Oklahoma's public policy regarding exculpatory clauses.[1]

■ In order for an exculpatory clause to be enforceable three conditions must be met: 1) an intent to excuse one party from the consequences of his own negligence must be expressed in clear, definite and unambiguous language; 2) the contract must have been made at arm's length with no vast disparity of bargaining power between the parties; and 3) the exculpation must not be against public policy in the circumstances of the case. *Sterner Aero AB v. Page Airmotive, Inc.,* 499 F.2d 709 (Tenth Cir. 1974); *Colorado Milling & Elevator Co. v. Chicago, R.I. & P.R. Co.,* 382 F.2d 834 (Tenth Cir. 1967); *Mohawk Drilling Company v. McCullough Tool Company, supra.*

In this case the intent to excuse the Defendant sponsors from the consequences of

---

1. In *Sinclair* the Oklahoma Supreme Court apparently held that it was contrary to public policy to allow one to contract against his own

negligence where obligated to provide equipment which, if defective, would constitute a dangerous instrumentality.

their own negligence is expressed in clear, definite and unambiguous language. The intent could hardly be expressed more clearly. Thus, if Plaintiff is to prevail there must have been a disparity of bargaining power at the time the parties executed the subject release, or the execution of a release under the circumstances of this case must be against public policy.

The Court finds no Oklahoma case which establishes a test for determining relative bargaining power. However, in 175 A.L.R. § 6 the following test is stated:

"In determining the relative bargaining position of the parties to a contract by which one of the parties is exempted from liability for his own negligence, the courts generally consider categories of individuals rather than a particular individual.

"When it comes to the question of measuring the relative bargaining power of the parties no definite rules exist to guide the courts. While never referred to expressly, two factors seem to be outstanding as of primary consequence: the importance which the subject matter of the contract has for the physical or economic well-being of the party agreeing to release the other party from liability for the latter's negligence, measured not in terms of individual but of class importance, and the existence and extent of competition among the group to which the party to be exempted by the clause belongs, measured by the amount of free choice the party can actually exercise who is to agree to the exemption."

Defendants contend that the parties enjoyed equal bargaining position in this case because Plaintiff's deceased was under no compulsion to compete in the subject race. Plaintiff contends that there was not an equal bargaining position because Plaintiff's deceased had to either accept and sign the disclaimers "as is" or not compete in the race. Though it appears that being allowed to participate in an automobile race would have little importance to the physical or economic well-being of an amateur race driver, the Court finds it not appropriate to

hold as a matter of law that the parties enjoyed equal bargaining power in this case. Accordingly, Summary Judgment should not be granted as to this point.

The final issue presented by this Motion for Summary Judgment is whether it is violative of the public policy of the State of Oklahoma to enforce a disclaimer of liability under the alleged facts of this case. There appears to be very little Oklahoma case law concerning the State's public policy as to releases of liability for negligence. However, the following general rule is found in the Restatement of the Law of Contracts § 575:

"(1) A bargain for exemption from liability for the consequences of a wilful breach of duty is illegal, and a bargain for exemption from liability for the consequences of negligence is illegal if:

(a) the parties are employer and employee and the bargain relates to negligent injury of the employee in the course of employment, or

(b) one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation.

\* \* \* "

Oklahoma has recognized the public policy against allowing a servant to disclaim liability to a master as a condition of employment [1(a) above]. *Pine Belt Lumber Co. v. Riggs*, 80 Okl. 28, 193 P. 990 (1920). Oklahoma has not specifically recognized a public policy against allowing a public servant to disclaim liability for the performance of a duty of public service [1(b) above]. However, neither of these policies are applicable to the alleged facts of this case. In *Sinclair Refining Co. v. Lang*, quoted in *Mohawk Drilling Co. v. Lang, supra*, the Court stated:

"We cannot subscribe to the doctrine of exemption by contract against one's own negligence, or approve a public policy which would tend to induce a want of care for the safety of those who by contract, as in the instant case, are required

to use equipment furnished by defendant, which when furnished was so negligently installed as to constitute a dangerous instrumentality; which, due to certain hidden defects hereinbefore described, and resulting from the defendant's negligent installation of the equipment, subjected the plaintiff (operator) to personal injuries."

From this it appears that Oklahoma would recognize that a manufacturer may not by contract limit his strict liability (manufacturer's products liability) for injuries resulting from defects in his products. 72 C.J.S. Sup. Products Liability § 48 p. 69. However, this rule is also inapplicable to the alleged facts in this negligence case.

■ Oklahoma has not recognized a public policy against allowing a participant in a racing event to disclaim liability for injuries resulting from the ordinary negligence of the operator of the racetrack. However, other jurisdictions have recognized the validity of a disclaimer of liability in such situations. *Corpus Christi Speedway, Inc. v. Morton*, 279 S.W.2d 903 (Tex.Civ.App. 1955); *Seymour v. New Bremen Speedway, Inc.*, 31 Ohio App.2d 141, 287 N.E.2d 111 (1971); *W. L. Doster v. C. V. Nalley, Inc.*, 95 Ga.App. 862, 99 S.E.2d 432 (1957); *Solodar v. Watkins Glen Grand Prix Corporation*, 36 A.D.2d 552, 317 N.Y.S.2d 228 (1971). Thus, the Court concludes that it is not against the public policy of the State of Oklahoma to allow a participant to disclaim liability for injuries resulting from the ordinary negligence of the operator of the racetrack as a condition to participating in a racing event.

In accordance with the opinions and conclusions expressed herein, the Court finds and concludes that Defendant's Motion for Summary Judgment should be granted in part and denied in part. The Motion is granted with regard to Plaintiff's contentions that the Constitution of the State of Oklahoma bars disclaimers of liability in death cases and that the subject disclaimer is void as being contrary to the public policy of the State of Oklahoma. Summary Judgment is also granted with regard to the

issue of whether the subject disclaimer is clear, definite and unambiguous as is required by Oklahoma law as a prerequisite to the enforceability of such a disclaimer. The Motion is denied as to the issue of equality of bargaining power.