■ BRUCE E. GROSS, Appellant, v WILLIAM SWEET, Doing Business as STORMVILLE PARACHUTE CENTER, et al., Respondents.—Appeal from (1) an order of Supreme Court at Special Term, entered September 26, 1977 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motion for a dismissal of the affirmative defense of release, and (2) the judgment entered thereon. On November 2, 1976, plaintiff enrolled as a paying student at the Stormville Parachute Training School, which is owned and operated by defendant, William Sweet. He was requested to sign a "responsibility release" before he could receive instructions which he executed. After receiving approximately one hour of on-land training, plaintiff was taken 2,800 feet in the air in an airplane owned by defendant. The airplane was operated by defendant, Robert Thorne, who acted as instructor. Pursuant to instructions, plaintiff jumped from the airplane, and broke his leg when he landed on the ground. Plaintiff instituted this action for damages arising from his injuries alleging (1) that defendants were negligent in not complying with Federal Aviation Administration regulations, and failing to instruct properly; (2) that defendants expressly and impliedly warranted that they were qualified instructors; and (3) that the negligence was gross, wanton and reckless. Defendants' answer alleged as a first affirmative defense that the "responsibility release" barred plaintiff's action. Special Term granted defendants' motion for summary judgment based on the first affirmative defense, and dismissed the complaint. The "responsibility release" reads as follows: "I, the undersigned, hereby, and by these covenants, do waive any and all claims that I, my heirs, and/or assignees may have against Nathaniel Sweet, the Stormville Parachute Center, the Jumpmaster and the Pilot who shall operate the aircraft when used for the purpose of parachute jumping for any personal injuries or property damage that I may sustain or which may arise out of my learning, practicing or actually jumping from an aircraft. I also assume

full responsibility for any damage that I may do or cause while participating in this sport. I have read the above and agree and request permission to participate in sport parachuting." Plaintiff contends that the release does not bar his action because it does not specifically state that defendants are released from liability for injuries caused by their negligence. Prior to commencing his instructions as a student, plaintiff informed defendants, and particularly the instructor, Robert Thorne, that he had suffered a fractured leg which required the insertion of a pin in a prior accident three or four years earlier. Thorne told him that this would not affect him from taking the course or engaging in parachute jumping. One of the Federal Aviation Administration's regulations that plaintiff alleges defendants failed to comply with was the requirement to have plaintiff obtain a medical certificate of his physical condition prior to jumping. Plaintiff also contends that defendants failed to provide plaintiff with safe, adequate and necessary prejump training periods of instructions as required by the Federal Aviation Administration, and also that defendants allowed plaintiff to jump with a parachute that was not proper for a student parachutist. "It is well established that while agreements intended to absolve a party from liability for its own negligence are closely scrutinized and strictly construed, they will be enforced by the courts absent some special legal relationship between the parties or some overriding public interest *(Van Dyke Prods. v. Eastman Kodak Co.,* 12 N Y 2d 301; *Ciafalo v. Vic Tanney Gyms,* 10 N Y 2d 294). This rule has been consistently followed in cases of patrons signing agreements which would exempt amusement facilities, including auto racetracks, from liability for negligence *(Church v. Seneca County Agric. Soc.,* 41 A D 2d 787, affd. 34 N Y 2d 571; *Gervasi v. Holland Raceway,* 40 A D 2d 574; *Solodar v. Watkins Glen Grand Prix Corp.,* 36 A D 2d 552; *Theroux v. Kendenburg Racing Assn.,* 50 Misc 2d 97, affd. 28 A D 2d 960, mot. for lv. to app. den. 20 N Y 2d 648). However, under such circumstances, the courts insist that there be a clear understanding between the parties, which plainly and precisely defines the limitation of liability the party attempting to avoid responsibility seeks to obtain *(Van Dyke Prods. v. Eastman Kodak Co., supra,* p. 304)." *(Phibbs v Ray's Chevrolet Corp.,* 45 AD2d 897, 898.) Releases have been held to be void when contained in contracts of carriage of a common carrier; or, in a contract of a public utility under a duty to furnish telephone service, or, when imposed by an employer as a condition of employment. In the present case, defendants undertook to instruct plaintiff in the proper and safe method of parachute jumping. The relationship was that of student and teacher. Plaintiff has alleged that defendants did not comply with Federal Aviation Administration regulations, and failed to instruct plaintiff properly. The terms of the release do not specifically cover such omissions on the part of defendants and should, therefore, not be a bar to actions based on such allegations. The release does not contain any provision which waives any claim for defendants' failure to instruct plaintiff properly, or to comply with Federal Aviation Administration regulations. The release does not relieve defendants from negligence in the performance of their instructions or from injuries arising out of improper and incorrect instructions. Order and judgment reversed, on the law, without costs; complaints reinstated and plaintiff's motion to dismiss affirmative defense of release granted. Kane, Staley, Jr., and Main, JJ., concur; Mahoney, P. J., and Larkin, J., dissent and vote to affirm on the opinion of Minor, J., at Special Term.