551 So.2d 929 (1989)
Michael W. BARNES
v.
BIRMINGHAM INTERNATIONAL RACEWAY, INC., et al.
88-386.
Supreme Court of Alabama.
June 16, 1989.
Rehearing Denied September 1, 1989.
*930 E. Ray Large, Birmingham, for appellant.
Steven A. Benefield and Karon O. Bowdre of Rives & Peterson, Birmingham, for appellees.
HOUSTON, Justice.
Michael W. Barnes brought suit against Birmingham International Raceway, Inc. ("BIR"), the National Association for Stock Car Auto Racing, Inc. ("NASCAR"), Clayton Reuse, and Firestone Tire & Rubber Co. ("Firestone") to recover damages for injuries he sustained while participating in an automobile race. BIR, Reuse, NASCAR, and Firestone filed motions for summary judgment, relying on two exculpatory pre-race releases signed by Barnes. The trial court granted the motions, and Barnes appealed. We affirm in part; reverse in part; and remand.
Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Kizziah v. Golden Rule Insurance Co., 536 So.2d 943 (Ala.1988). This action was pending prior to June 11, 1987; therefore, Ala.Code 1975, § 12-21-12, as amended, does not apply and the applicable standard of review is the scintilla rule.
Barnes, an experienced race car driver, entered a stock car racing event at BIR's raceway. Prior to entering the pit area, Barnes went directly to the sign-in booth, paid the entry fee, and placed his signature on a sign-in sheet that was entitled "THIS IS A RELEASE OF LIABILITY." That release provided that Barnes, in consideration for being allowed to enter the premises and to participate in the race:
"[H]EREBY RELEASES, REMISES AND FOREVER DISCHARGES AND AGREES TO SAVE AND HOLD HARMLESS AND INDEMNIFY NASCAR AND SANCTIONING BODY AND THE PROMOTERS PRESENTING SAID EVENT, THE OWNERS, AND LESSEES OF THE PREMISES, THE PARTICIPANTS THEREIN, THE OWNERS, *931 SPONSORS AND MANUFACTURERS OF ALL RACING EQUIPMENT USED IN SAID EVENT AND THE OFFICERS, OFFICIALS, DIRECTORS, AGENTS, EMPLOYEES AND SERVANTS OF ALL OF THEM, OF AND FROM ALL LIABILITY, CLAIMS, DEMANDS, CAUSES OF ACTION AND POSSIBLE CAUSES OF ACTION WHATSOEVER, ARISING OUT OF OR RELATED TO ANY LOSS, DAMAGE OR INJURY (INCLUDING DEATH) THAT MAY BE SUSTAINED BY OUR RESPECTIVE PERSONS OR PROPERTY... WHILE IN, ON, EN ROUTE TO, FROM, OR OUT OF SAID PREMISES FROM ANY CAUSE WHATSOEVER INCLUDING NEGLIGENCE OF ANY OF THE FOREGOING...."
The release also provided:
"In signing this REQUEST AND RELEASE each of the undersigned represents that he:
". . .
"(d) Has read this REQUEST AND RELEASE of Liability, understands it and signs it voluntarily and is of sound mind." (Emphasis added.)
The following appears directly above and below the signature box and at one other place on the form that Barnes signed:
"THIS IS A RELEASE OF LIABILITY I have seen and read the REQUEST and RELEASE heading this Page." (Emphasis added.)
The "GATEMAN'S STUB" that Barnes also signed contains the following:
"I hereby release speedway owner, operator, promotor and any other person or persons connected with the racemeet for which this Pit Permit has been issued from all liability for personal injury or property damage while preparing, practicing, qualifying or participating in or attending said racemeet...." (Emphasis added.)
Barnes testified that he never read either of the releases prior to signing them. During the race, he was involved in a multiple-automobile accident and sustained injuries and burns to his body due to the alleged lack of adequate fire equipment.
Barnes contends that BIR, NASCAR, and Reuse fraudulently induced him to execute the two exculpatory pre-race releases, misrepresenting in the release forms that the race would be conducted according to NASCAR rules. The well-settled law in Alabama is that, in order to prevail on the fraud claim, Barnes "must introduce proof of a false representation concerning a material existing fact which, when relied upon by [Barnes], proximately caused him damage." Carnival Cruise Lines, Inc. v. Goodin, 535 So.2d 98, 101 (Ala.1988); see also Smith v. J.H. Berry Realty Co., 528 So.2d 314, 316 (Ala.1988); Cherokee Farms, Inc. v. Fireman's Fund Insurance Co., 526 So.2d 871, 875 (Ala. 1988). In Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983), this Court stated:
"[T]he right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs' reliance must, therefore, have been reasonable under the circumstances."
See also Wilson v. World Omni Leasing, Inc., 540 So.2d 713 (Ala.1989). The undisputed evidence shows that Barnes never read the releases. If Barnes never read the releases, he could not have relied to his detriment on any misrepresentations allegedly contained in them. By making a conscious decision not to read the general releases, Barnes failed to exercise any degree of precaution to safeguard his interests. See Syx v. Midfield Volkswagen, Inc., 518 So.2d 94 (Ala.1987). There can not be actionable fraud unless there is justifiable reliance. Cherokee Farms v. Fireman's Insurance Co., supra. We find no evidence to support Barnes's claim of reliance. Therefore, in the absence of proof of reliance, Barnes's fraud claim must fail as a matter of law. See Sanders v. Kirkland & Co., 510 So.2d 138 (Ala.1987).
In Alabama, general pre-race releases exculpating one from liability for negligent and wanton conduct have been upheld *932 as valid and not void as against public policy. Young v. City of Gadsden, 482 So.2d 1158 (Ala.1985). Clearly, the cases cited in Young v. City of Gadsden, supra, and the cases subsequent to Young v. City of Gadsden, supra, that address the validity of pre-race releases exculpating from liability similarly hold that the releases are valid and not against public policy as to negligence. See Gore v. Tri-County Raceway, Inc., 407 F.Supp. 489 (M.D.Ala.1974); Rhea v. Horn-Keen Corp., 582 F.Supp. 687 (W.D.Va.1984); Grbac v. Reading Fair Co., 521 F.Supp. 1351 (W.D.Pa.1981), aff'd 688 F.2d 215 (3d Cir.1982); Huckaby v. Confederate Motor Speedway, Inc., 276 S.C. 629, 281 S.E.2d 223 (1981); Thomas v. Sports Car Club of America, Inc., 386 So.2d 272 (Fla.1980); Gross v. Sweet, 64 A.D.2d 774, 407 N.Y.S.2d 254 (1978), aff'd, 49 N.Y.2d 102, 424 N.Y.S.2d 365, 400 N.E.2d 306 (1979); Tope v. Waterford Hills Road Racing Corp., 81 Mich.App. 591, 265 N.W.2d 761 (1978); LaFrenz v. Lake County Fair Board, 172 Ind.App. 389, 360 N.E.2d 605 (1977); Trumbower v. Sports Car Club of America, Inc., 428 F.Supp. 1113 (W.D.Okla.1976); Winterstein v. Wilcom, 16 Md.App. 130, 293 A.2d 821 (1972); Seymour v. New Bremen Speedway, Inc., 31 Ohio App.2d 141, 287 N.E.2d 111 (1971); Theroux v. Kedenburg Racing Ass'n, 50 Misc.2d 97, 269 N.Y.S.2d 789 (1965), aff'd, 28 A.D.2d 960, 282 N.Y.S.2d 930 (1967), appeal denied, 20 N.Y.2d 648, 286 N.Y.S.2d 1026, 233 N.E.2d 300 (1967); Lee v. Allied Sports Associates, Inc., 349 Mass. 544, 209 N.E.2d 329 (1965); Corpus Christi Speedway v. Morton, 279 S.W.2d 903 (Tex.Civ. App.1955); see also Trainor v. Aztalan Cycle Club, Inc., 147 Wis.2d 107, 432 N.W.2d 626 (App.1988), review denied, 147 Wis.2d 889, 436 N.W.2d 30 (1988); Lohman v. Morris, 146 Ill.App.3d 457, 100 Ill.Dec. 263, 497 N.E.2d 143 (1986); Conradt v. Four Star Promotions, Inc., 45 Wash.App. 847, 728 P.2d 617 (1986). Participation in automobile races is a voluntary undertaking of a hazardous activity, and releases from liability, when voluntarily entered into, should be enforced. Young v. City of Gadsden, supra. The undisputed evidence revealed that Barnes voluntarily entered into the release agreements, knowing of the dangerous nature of road races. Therefore, the trial court properly granted summary judgment on the issue of the validity of exculpatory pre-race releases as to Barnes's claims of negligence.
Other than Young v. City of Gadsden, supra, we have found no cases in the United States that uphold pre-race releases for wanton and willful conduct. Those jurisdictions that have addressed this issue hold that general pre-race releases exculpating one from liability for wanton or willful conduct are invalid and contrary to public policy. See Conradt v. Four Star Promotions, Inc., supra (an exception to validating contracts waiving liability exists where the conduct was substantially or appreciably substandard and fell greatly below the standard established by law for the protection of others against unreasonable risk of harm); Tope v. Waterford Hills Road Racing Corp., supra (generally a party may contract against liability for harm caused by negligence in the performance of a contractual duty, but he may not do so with respect to his gross negligence); Seymour v. New Bremen Speedway, Inc., supra (the release was not against public policy and constituted a full defense to any claim for damages except those due to "wanton or willful negligence"); see also LaFrenz v. Lake County Fair Board, supra (exculpatory agreements are not valid as to extreme forms of negligence or any conduct that constitutes an intentional tort).
In Alabama, willfulness or wantonness imports premeditation or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, while negligence involves inadvertent action. See Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987).
Having considered the decisions of other jurisdictions that have addressed the issue of the validity of release forms in the context of racetracks, and having reconsidered the nature of willful and wanton conduct, we are of the opinion that the holding in Young v. City of Gadsden, supra, that *933 pre-race releases exculpate one from liability for wanton conduct, is in error. The opinion in Young v. City of Gadsden, supra, did not elaborate on the evidence with respect to the alleged wantonness of the defendants, even though the holding in that case clearly was that pre-race releases could exculpate one from liability for wanton conduct. It was on the basis of that holding that the trial court in this case granted summary judgment for the defendants on the plaintiff's wantonness count. The Court is convinced that the ratio decidendi of that portion of Young v. City of Gadsden, supra, would not be consented to today by the conscience and feeling of justice of the majority of all those whose obedience is required by the rule of law on which that ratio decidendi was based. Laun, Stare Decisis, 25 Va.L.Rev. 12, 22 (1938).
Therefore we will depart from the doctrine of stare decisis and overrule that portion of Young v. City of Gadsden, supra, that holds that pre-race releases exculpating a person from liability for wanton conduct are valid and not against public policy. We are persuaded, and now hold, that pre-race releases, although valid and consistent with public policy as to negligent conduct, are invalid and contrary to public policy as to wanton or willful conduct.
Because the motions for summary judgment were predicated on the general pre-race releases, this case is not postured for us to review the evidence with regard to the wantonness issue.
Therefore, we affirm the summary judgment as to the plaintiff's negligence count; we reverse that judgment as to the wantonness count; and we remand the cause.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, STEAGALL and KENNEDY, JJ., concur.
MADDOX and ADAMS, JJ., concur in part and dissent in part.
MADDOX, Justice (concurring in part and dissenting in part).
In Young v. City of Gadsden, 482 So.2d 1158 (Ala.1985), the Court held that general pre-race releases exculpating one of liability for negligent and wanton conduct were valid and not violative of public policy. The Court in Young noted that participation in automobile racing was a voluntary undertaking of a hazardous activity, involving a narrow segment of the public; and it held that general pre-race releases that exculpate one of liability, when voluntarily entered into, should be enforced. The undisputed evidence in the present case reveals that Barnes voluntarily entered into the release agreements, knowing of the dangerous nature of road races.
I would affirm the summary judgment as to BIR, NASCAR, Reuse, and Firestone, on the authority of Young.
ADAMS, J., concurs.