A doctor, in order to get medical malpractice insurance, authorized MASA to contact the defendants and inquire about his reputation, for purposes of determining his insurability. When the defendants furnished information to an agent of MASA that the doctor considered to be tortious, he sued. The majority permits him to do so. Why?
If ever there was a case in which a signed release should be enforced, it is this case. The world of jobs, credit, security clearances, and even federal judgeships[2] and lawyer competence[3]
depend, to some degree, upon information obtained from references. To allow a lawsuit under these circumstances, where the information obtained forms the basis for the tort action, can only have a chilling effect upon the obtaining of information in a variety of settings. Why would anyone give information concerning another, whether favorable or unfavorable, if he or she might be faced later with a lawsuit based on a claim of intentional misconduct. Because of these policy considerations, I must dissent from the reversal of the summary judgment on the intentional non-defamation torts.
The legal basis for my dissent is essentially the same as the one I set out in Barnes v. Birmingham Int'l Raceway,551 So.2d 929 (Ala. 1989), that a person should be bound by his written release.
Because I am of the opinion that the information obtained was obtained as the result of an authorization given by the plaintiff himself, I would not permit his tort suit.
[2] I received a telephone inquiry recently about an attorney who is being considered for a federal judgeship.
[3] The Martindale-Hubbell Directory is dependent almost entirely on information furnished in writing by references.